In the Matter of DAVID R. RUBIN, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, May 30, 1972.

*Julian C. Tepper* for petitioner.

*Louis M. Brass* for respondent.

*Per Curiam.* The respondent was admitted to practice law on June 28, 1944 in the Second Judicial Department. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the matter was referred for hearing and report; and the respondent, by affidavit, requests that the charges be dismissed.

The charges against the respondent arose out of two separate transactions with the complainant, who was his client. In substance, the petition charged (1) that the client had given money to the respondent, as her attorney, to invest in a first mortgage loan covering certain described premises and that the respondent, without her knowledge and consent, invested the money in two mortgages, one constituting a second lien, covering another parcel of property, of which he was the owner, and failed to record a consolidation and extension agreement prepared by him relating to the two mortgages; and (2) that the respondent received other money from the client to invest in a first mortgage loan on real property; that the property was owned by a corporation of which the respondent was president; that he or he and members of his family '' held the controlling interest '' in the corporation; and that he caused to be executed to the client a second mortgage lien on said premises instead of a first mortgage lien.

In the answer interposed to the petition, the respondent alleged that he never diverted the funds entrusted to him by his client; that due to subsequent business reverses he was unable to satisfy and fully pay the loans on their maturity; that he unsuccessfully requested a modification of the loan agreement to permit him to liquidate his obligations; and that he has '' since fully

repaid the entire sum due and owing '' to his client, '' together with accrued interest.''

Mr. Justice KALINA found that the respondent acted as the complainant's attorney in connection with these transactions and further found that the charges as alleged in the petition were sustained. In our opinion, the evidence supports the findings in the report.

In determining the nature of the discipline to be imposed for the respondent's misconduct we deem significant the following finding made by Mr. Justice KALINA: '' I have had the opportunity to observe the respondent during the hearing before me and while I do not condone his actions I do not believe that any of his acts were venal. More than likely they were committed out of desperation in an attempt to extricate himself and his family from their financial dilemma.'' Moreover, taking into consideration the respondent's otherwise unblemished record, the fact that full restitution was made and his physical condition, we are satisfied that the ends of justice will best be served in the respondent's case by a suspension for a period of six months. Accordingly, the petitioner's motion to confirm the report is granted; the respondent's request for dismissal of the charges is denied; and an order should be made suspending the respondent from the practice of law for a period of six months, commencing July 1, 1972.

RABIN, P. J., HOPKINS, MUNDER, LATHAM and SHAPIRO, JJ., concur.

Petitioner's motion granted; respondent's request denied; the charges are found to have been sustained; and respondent is suspended from the practice of law for a period of six months, commencing July 1, 1972.